IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Floyd E. Patterson, Jr.** **Plaintiff** : : : | |
| : | Civil Action No.: 16-1604 |
| v. : : | |
| **Janine Quigley, Warden, et. al** **Defendants** : : | Jury Trial Demanded |

### ANSWER TO PLAINTIFF'S *PRO SE* AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants Janine Quigley, Lieutenant Castro, Correctional Officer Cunningham, Correctional Officer Dew and Correctional Officer Gurry (collectively "Berks County Defendants"), by and through their attorneys, Deasey, Mahoney & Valentini, Ltd., hereby respond to Plaintiff's *pro se* Amended Complaint as follows[1]:

I. **Parties to the Complaint:**

A. Admitted.

B. Admitted in part; denied in part. It is admitted that Janine Quigley, Lieutenant Castro, Correctional Officer Cunningham and Correctional Officer Dew are employees of the Berks County Jail, 1287 County Welfare Road, Leesport, Pennsylvania 19533. It is denied that Correctional Officer Gurry is currently employed by the Berks County Jail.

II. **Statement of Claim:**

A. Denied. The averments are denied as conclusions of law to which no response is required. To the extent that the averments are not deemed conclusions of law, after reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to

---

[1] The Berks County Defendants submit this Answer to the extent required by this Honorable Court's rulings on their Motions to Dismiss as set forth more fully in the March 30, 2018 Order (Docket No. 51) and April 26, 2018 Order (Docket No. 52).

form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

      B.    Denied. The averments are denied as conclusions of law to which no response is required. To the extent that the averments are not deemed conclusions of law, after reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

      C.    Denied. The averments are denied as conclusions of law to which no response is required. To the extent that the averments are not deemed conclusions of law, after reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

      D.    Denied. The averments are denied as conclusions of law to which no response is required. To the extent that the averments are not deemed conclusions of law, after reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

**III.**   **Injuries:**

      A.    Denied. The averments are denied as conclusions of law to which no response is required. To the extent that the averments are not deemed conclusions of law, after reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

DEASEY, MAHONEY & VALENTINI, LTD.
SUITE 3400 · 1601 MARKET STREET · PHILADELPHIA, PA 19103-2301

B. Denied. The averments are denied as conclusions of law to which no response is required. To the extent that the averments are not deemed conclusions of law, after reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

C. Denied. The averments are denied as conclusions of law to which no response is required. To the extent that the averments are not deemed conclusions of law, after reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

D. Denied. The averments are denied as conclusions of law to which no response is required. To the extent that the averments are not deemed conclusions of law, after reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

**IV. Exhaustion of Administrative Remedies:**

A. Denied.

B. Admitted.

C. Admitted.

D. Admitted in part, denied in part. The Berks County Defendants admit that Plaintiff filed grievance(s) generally. However, after reasonable investigation, the Berks County Defendants deny that Plaintiff's grievances covered all allegations in is Amended Complaint, or that Plaintiff has exhausted his administrative remedies.

E. Denied. The averments are denied as conclusions of law to which no response is required. To the extent that the averments are not deemed conclusions of law, after reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

F. No response is required of Answering Defendants.

G. Denied. After reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

**V.    Relief:**

Denied. The averments are denied as conclusions of law to which no response is required.

**VI.   Previous lawsuits:**

A. Denied. After reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial.

B. Denied. After reasonable investigation, the Berks County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained herein. The allegations are therefore denied and strict proof is demanded at the time of trial

**WHEREFORE**, the Berks County Defendants demand judgment in their favor along with costs, attorney fees and such other relief as this Honorable Court deems appropriate.

DEASEY, MAHONEY & VALENTINI, LTD.
SUITE 3400 · 1601 MARKET STREET · PHILADELPHIA, PA 19103-2301

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not stated and cannot sustain a cause of action against the Berks County Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was afforded all constitutional rights and protections to which he was entitled at all times material to the incidents in Plaintiff's Amended Complaint(s).

### THIRD AFFIRMATIVE DEFENSE

At all relevant time, the Berks County Defendants' conduct was reasonable under the circumstances.

### FOURTH AFFIRMATIVE DEFENSE

The Berks County Defendants are entitled to good faith, official, high public official, qualified and/or absolute immunity to Plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

No act or omission of the Berks County Defendants were the proximate cause or legal cause of any damages allegedly sustained by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not averred and cannot prove a claim for punitive damages against the Berks County Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Although Plaintiff has not brought his Amended Complaint against the Berks County

Defendants in their official capacity, to the extent that this Court should construe such claims as being brought against the Berks County Defendants in their official capacity, such claims must be dismissed as Plaintiff cannot establish a custom, policy, pattern or practice of the Berks County Defendants in their official capacity which violated Plaintiff's civil rights, much less a sufficient nexus between Plaintiff's alleged damages and a policy or custom of the Berks County Defendants.

### NINTH AFFIRMATIVE DEFENSE

The Berks County Defendants did not engage in a custom, policy, pattern or practice which deprived Plaintiff of his constitutional rights.

### TENTH AFFIRMATIVE DEFENSE

All claims against the Berks County Defendants are barred by the applicable statute of limitations and/or doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, thereby entitling the Berks County Defendants to costs and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 and/or Rule 11.

### TWELFTH AFFIRMATIVE DEFENSE

At all times relevant to this matter the Berks County Defendants in no way violated any rights, privileges or immunities to which Plaintiff is entitled under the United States Constitution, the Pennsylvania Constitution, or the laws of the United States or the Commonwealth of Pennsylvania.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused or contributed to, in who or in part, by the intervening negligence, carelessness and/or recklessness or persons, parties and/or entities other than the

Berks County Defendants and over whom the Berks County Defendants have no control or right of control, and for whom the Berks County Defendants have no responsibility.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Berks County Defendants are entitled to the protections and defenses contained within the Prison Litigation Reform Act, 42 U.S.C. §1997, *et seq.* All defenses therein are incorporated by reference as though fully set forth herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately plead and/or meet all prerequisites to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. §1997, *et seq.*

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for mental and/or emotional injury are limited pursuant to the terms of the Prison Litigation Reform Act, 42 U.S.C. §1997, *et seq.*

### EIGHTEENTH AFFIRMATIVE DEFENSE

Although the Berks County Defendants specifically deny that Plaintiff is entitled to damages, fees and/or costs, in the unlikely event that such award would be made, Plaintiff's attorney's fees and costs must be limited pursuant to the terms of the Prison Litigation Reform Act, 42 U.S.C. §1997, *et seq.*

**WHEREFORE**, the Berks County Defendants, demand judgment in their favor along with costs, attorney fees and such other relief as this Honorable Court deems appropriate.

                Respectfully submitted,

                **DEASEY, MAHONEY & VALENTINI, LTD.**

Date: May 8, 2018        /s/ Adam J. Gomez
                **ANDREW B. ADAIR, ESQUIRE**
                **ADAM J. GOMEZ, ESQUIRE**
                Attorney I.D. No. 70756 / 317145
                103 Chesley Drive, Suite 101
                Media, PA 19063
                (610) 892-2732 phone
                (610) 892-2926 fax
                Attorneys for Janine Quigley, Kevin Barnhardt,
                Mark Scott, Christian Leinbach, Lieutenant Castro,
                Correctional Officer Cunningham, Correctional Officer
                Dew and Correctional Officer Gurry

## CERTIFICATE OF SERVICE

I, Adam J. Gomez, Esquire, certify that a true and correct copy of Defendants' Answer to Plaintiff's *Pro Se* Amended Complaint with Affirmative Defenses was filed electronically and is available for viewing and downloading from the ECF system. I further certify that I served the foregoing document upon the following individual(s) via U.S. mail this 8th day of May, 2018.

Floyd E. Patterson, Jr. #MC0075
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

**DEASEY, MAHONEY & VALENTINI, LTD.**

Date: May 8, 2018     /s/ Adam J. Gomez
**ANDREW B. ADAIR, ESQUIRE**
**ADAM J. GOMEZ, ESQUIRE**
Attorney I.D. No. 70756 / 317145
103 Chesley Drive, Suite 101
Media, PA 19063
(610) 892-2732 phone
(610) 892-2926 fax
Attorneys for Janine Quigley, Kevin Barnhardt,
Mark Scott, Christian Leinbach, Lieutenant Castro,
Correctional Officer Cunningham, Correctional Officer
Dew and Correctional Officer Gurry